COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-166-CV
 
  
WILLIAM 
F. FREEMAN                                                           APPELLANT
  
V.
  
KAREN 
LEE FREEMAN                                                               APPELLEE
 
  
------------
 
FROM 
THE 235TH DISTRICT COURT OF COOKE COUNTY
 
------------
  
   
NO. 2-05-213-CV
   
   
   
IN 
RE WILLIAM F. FREEMAN                                                      RELATOR
  
   
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        This 
consolidated interlocutory appeal and original proceeding involve the propriety 
of the trial court’s order denying arbitration of the parties’ claims in the 
underlying dispute, which is a post-divorce enforcement and clarification 
proceeding. The divorce decree contains an arbitration provision concerning 
“any dispute between the parties relating to any disputed issue in this 
matter.”
        Appellant 
and relator, William F. Freeman (William), has not briefed whether the 
arbitration provision in the decree is governed by the Federal Arbitration Act 
(FAA) or the Texas General Arbitration Act. This issue is jurisdictional. Texas 
law does not permit an interlocutory appeal of an order denying arbitration 
under the FAA. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 
1992) (orig. proceeding). Therefore, mandamus is the appropriate method of 
enforcement. Id.
        The 
FAA governs a contract evidencing a transaction involving interstate commerce if 
the contract contains a written arbitration provision. 9 U.S.C.A. § 2 (West 
1999); In re Scott, 100 S.W.3d 575, 579 (Tex. App.—Fort Worth 2003, 
orig. proceeding). The divorce decree awards each party a one-half ownership 
interest in property located in Arizona, which had been subdivided prior to the 
divorce. Nine of these properties had been sold before the divorce and were 
financed by notes payable to both parties. We conclude that the transaction here 
involves interstate commerce; therefore, the FAA is applicable to this 
arbitration dispute. See Murphy v. Murphy, 2-02-00449-CV, 2004 WL 254223, 
at *1 (Tex. App.—Fort Worth Feb. 12, 2004, pet. denied) (mem. op.) (dismissing 
interlocutory appeal because property settlement agreement among Texas residents 
that provided for sale of property in Colorado involved interstate commerce). 
Accordingly, we dismiss William’s interlocutory appeal for want of 
jurisdiction.
        We 
have also considered William’s petition for writ of mandamus, Karen’s 
response, and William’s reply and are of the opinion that relief should be 
denied. Accordingly, William’s petition for writ of mandamus is denied.
   
  
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
    
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
August 4, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.